FILED
United States Court of Appeals
Tenth Circuit

February 9, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHARON K. BOESE,

　　　　Plaintiff-Appellant,

v.

FORT HAYS STATE UNIVERSITY,

　　　　Defendant-Appellee.

No. 11-3154
(D.C. No. 6:09-CV-01262-EFM)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.


　　　Sharon K. Boese appeals from the district court's decision granting

summary judgment in favor of Fort Hays State University (FHSU) on her claims

of gender discrimination and retaliation under Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e-2(a)(1) & 2000e-3(a).  We have jurisdiction under

28 U.S.C. § 1291 and affirm.

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Factual Background

During the time pertinent to her lawsuit, Ms. Boese was employed as a custodial specialist at FHSU. On August 2, 2007, she and several other female custodial specialists complained to Tom Kuhn, FHSU's Director of Human Resources, that their supervisor, Robert Degenhardt, was showing favoritism towards a male custodial specialist, Luke Depenbusch. Mr. Kuhn informed Mr. Degenhardt of the complaint but did not identify who had complained. At the same time, Ms. Boese became aware of a supervisor position opening up in Agnew Hall, but she did not apply for it. Mr. Depenbusch applied for and was promoted to that position on August 12.

On February 13, 2008, Ms. Boese applied for a supervisor position in McMindes Hall. Of 14 applicants, she was one of four who were interviewed (two men and two women). On March 3 Darren Timken was offered and accepted the supervisor position. From March 3 to March 17, Ms. Boese spoke with various supervisors and managers at FHSU to complain about Mr. Timken's hiring. She filed a claim with the EEOC on April 10.

Ms. Boese continued to work as a custodial specialist in McMindes Hall and Mr. Timken was her supervisor. On August 27 Mr. Timken gave Ms. Boese a warning after she complained to him on August 25 about his job performance, training, and fairness. He wrote down the warning so there would not be any confusion about why he was disappointed in Ms. Boese's behavior, but the

warning was not a letter of reprimand or an official written warning. The warning was not placed in her personnel file.

On March 9, 2009, Mr. Timken gave Ms. Boese a *satisfactory* performance rating. She appealed the rating and it was changed to *exceptional*.

On April 27 Ms. Boese was informed that she was being transferred to work in a different residence hall (Wiest Hall) effective May 18. Three other employees were also transferred to different residence halls. The stated reasons for the transfers was "to increase productivity and to better manage resources." Aplt. App., Vol. 1 at 258. The responsibilities at Wiest Hall were essentially the same as those at McMindes Hall, although some of the tasks were different because McMindes Hall specialists clean a kitchen and cafeteria and Wiest Hall specialists clean a laundromat.

On September 30, 2009, Ms. Boese received a *satisfactory* performance rating from Christine Schmidt, her new supervisor in Wiest Hall. She appealed the rating and it was changed to *exceptional*.

Ms. Boese filed a complaint alleging that FHSU's actions constituted gender discrimination and retaliation in violation of Title VII. FHSU moved for summary judgment on her claims and the district court granted judgment in its favor. Ms. Boese appeals from that decision.

II.  Discussion

We review the district court's grant of summary judgment de novo, examining "the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Ms. Boese first asserted that FHSU discriminated against her on the basis of sex in violation of Title VII when it failed to hire her as a custodial supervisor and hired Mr. Timken instead. The district court noted that FHSU had not disputed that Ms. Boese had satisfied her initial burden of establishing a prima facie case of discrimination. The court concluded, however, that FHSU had provided a legitimate, nondiscriminatory reason for not hiring Ms. Boese and she had failed to show that FHSU's reason was pretextual.

Ms. Boese next asserted that FHSU retaliated against her in violation of Title VII. The district court determined, however, that Ms. Boese had failed to establish a prima facie case of retaliation. To establish a prima facie case of retaliation, Ms. Boese needed to show:

> (1) that she engaged in protected opposition to discrimination,
> (2) that a reasonable employee would have found the challenged
> action materially adverse-- that is, that the action might dissuade a

reasonable worker from making or supporting a charge of discrimination; and (3) that a causal connection exists between the protected activity and the materially adverse action.

*EEOC v. PVNF, LLC*, 487 F.3d 790, 803 (10th Cir. 2007) (citation, brackets, and internal quotation marks omitted).

Ms. Boese argued that she engaged in protected activity when she (1) complained in August 2007 that Mr. Degenhardt favored Mr. Depenbusch; (2) complained about Mr. Timken's hiring in March 2008 to various officials at FHSU; (3) filed a complaint with the EEOC in April 2008; (4) complained to Mr. Timken in August 2008; and (5) appealed her March 2009 performance evaluation.

FHSU did not dispute that the first three events were protected activities, but it argued that the fourth and fifth events were not. The district court agreed with FHSU, concluding that the August 2008 complaint and the March 2009 appeal involved general complaints about management and work conditions that were not tied to gender discrimination or retaliation under Title VII.

Ms. Boese next argued that she suffered materially adverse actions in retaliation for her protected activity when (1) FHSU failed to hire her as the McMindes Hall supervisor in March 2008; (2) she received the August 2008 written warning; (3) she received satisfactory performance ratings on her March and September 2009 performance reviews; and (4) she was transferred from McMindes Hall to Wiest Hall.

The district court determined that the failure to hire Ms. Boese as McMindes Hall supervisor was materially adverse, but that she failed to establish a causal connection between her protected activity in August 2007 and FHSU's decision not to hire her as a supervisor seven months later. The court concluded that the remaining actions were not materially adverse, but also said that even if the actions were materially adverse, Ms. Boese's prima facie case would fail because she could not show a causal connection between her last protected activity in April 2008 and any of the actions taken against her.

On appeal Ms. Boese contends that the district court failed to apply the proper standard for summary judgment and erred in finding that she did not show a question of fact on her discrimination claim. She further contends that the district court erred in concluding (1) that her August 2008 complaint and March 2009 appeal were not protected activities; (2) that her August 2008 warning, March and September 2009 performance evaluations, and transfer to Wiest Hall were not materially adverse actions; and (3) that she could not establish a causal connection between her protected activities and any adverse actions.

We agree with the district court's determination that Ms. Boese failed to show that FHSU's reason for not hiring her was pretextual and that the August 2008 complaint and the March 2009 performance review appeal were not protected activities. We need not reach Ms. Boese's challenge to the district court's determination that certain actions were not materially adverse because we agree with the district court that even if those actions were materially adverse, Ms. Boese did not show a causal connection between her protected activity and any adverse actions.

III. Conclusion

We AFFIRM the judgment of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge